UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| PHIL-INSUL CORP. d/b/a INTEGRASPEC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | Civil Action No. _____ |
| v. | § | |
| | § | JURY TRIAL DEMANDED |
| REWARD WALL SYSTEMS, INC., | § | |
| BUILDBLOCK BUILDING SYSTEMS, | § | |
| LLC, NUDURA CORPORATION, | § | |
| POLYFORM, A.G.P., INC. and AMVIC | § | |
| CORPORATION, | § | |
| | § | |
| Defendants. | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff, Phil-Insul Corp. d/b/a IntegraSpec (hereinafter "IntegraSpec"), by and through its attorneys, brings this action for patent infringement and alleges as follows:

### THE PARTIES

1.      IntegraSpec is a Canadian corporation with a principal place of business located at 735 Arlington Park Place, Unit 11U, Kingston, Ontario, K7M 8M8, Canada.

2.      Upon information and belief, BuildBlock Building Systems, LLC ("BuildBlock") is an Oklahoma limited liability company, having a principal place of business at 9705 North Broadway Ext., Suite 200, Oklahoma City, Oklahoma 73114.   BuildBlock may be served with process by serving its registered agent Crowe & Dunlevy, A Professional Corporation, at 20 N. Broadway, Ste 1800, Oklahoma City, OK  73102.

3.      Upon information and belief, Reward Wall Systems, Inc. ("Reward Wall") is a Kansas corporation, having a principal place of business at 9931 So. 136th Street, Suite 100, Omaha, Nebraska 68138. Reward Wall may be served with process by serving its registered agent, Edward L. Storm at 9931 S. 136th Street, Omaha, NE 68138.

4.      Upon information and belief, Amvic Corporation ("Amvic") is a corporation organized and existing under the laws of Ontario, Canada having a principal place of business at 501 McNicoll Avenue, Toronto, Ontario, Canada M2H2E2.  Amvic engages in business in the State of Texas but, upon information and belief, does not maintain a regular place of business in the State or a designated agent for service of process.  Therefore, pursuant to § 17.044 of the Tex. Civ. Prac. & Rem. Code, Amvic has designated the Secretary of State as its agent for service of process and may be served with process through its counsel or by serving the Secretary of State.  The Secretary of State may forward service to Amvic at its home office located at 501 McNicoll Avenue, Toronto, Ontario, M2H 2E2 Canada.

5.      Upon information and belief, Nudura Corporation ("Nudura") is a corporation organized and existing under the laws of Ontario, Canada having a principal place of business at 2700 Hopper Road, Unit 10, Barrie, Ontario, Canada L4M9S3.  Nudura engages in business in the State of Texas but, upon information and belief, does not maintain a regular place of business in the State or a designated agent for service of process.  Therefore, pursuant to § 17.044 of the Tex. Civ. Prac. & Rem. Code, Nudura has designated the Secretary of State as its agent for service of process and may be served with process through its counsel or by serving the Secretary of State.  The Secretary of State may forward service to Nudura at its home office located at 27 Hooper Road, Unit #10, Barrie On L4n 9s3, Canada.

6.      Upon information and belief, Polyform, A.G.P. Inc. ("Polyform") is an affiliated corporation of Nudura organized and existing under the laws of Quebec, Canada, and has a principal place of business in Quebec, Canada.  Polyform engages in business in the State of Texas but, upon information and belief, does not maintain a regular place of business in the State or a designated agent for service of process.  Therefore, pursuant to § 17.044 of the Tex. Civ. Prac. & Rem. Code, Polyform has designated the Secretary of State as its agent for service of

process and may be served with process through its counsel or by serving the Secretary of State. The Secretary of State may forward service to Polyform at its home office located at 454 Rue Edouard, Granby, QC J2G 3Z3, Canada.

### JURISDICTION AND VENUE

7.      This is a civil action for patent infringement seeking damages and an injunction arising under the Patent Laws of the United States, 35  U.S.C. §§ 1, et seq.  Subject matter jurisdiction is conferred upon this Court pursuant to 28 U.S.C. §§ 1331 and 1338(a).

8.      Each of the defendants are subject to this Court's specific and general personal jurisdiction due at least to their substantial business in this district including: (a) at least a portion of the acts of infringement have occurred in this district; and (b) regularly conducting and soliciting business directly related to the accused infringing products, and deriving not insubstantial revenue from goods and services sold in this district to residents of this district; and, as to each defendant, on information and belief, engaging in the following conduct:

(i)      Reward Wall has engaged in the sale and offer for sale of products and services to distributors and contractors in the State of Texas and the Eastern District of Texas, for example, to Burt R. Ford Enterprises, located in Tyler, Texas, who has been in the business of homebuilding, and remodeling since 1985 and has built at least one residence in Tyler using Reward Wall forms, and to Phillips Design and Construction who has designed and built at least three residences in this district using Reward Wall forms; Reward Wall has also engaged in acts in this district that constitute willful infringement as set forth in greater detail in Paragraphs 19 through 22;

(ii)     Amvic has engaged in the sale and offer for sale of products and services to distributors and contractors in the State of Texas including the Eastern District of

Texas, for example, to Amvic Building Systems, a distributor located in Argyle, TX who offers the infringing ICF systems of Amvic to contractors one of whom has built a residential home in Flint, Texas using Amvic forms;

(iii)   BuildBlock has engaged in the sale and offer for sale of products and services to distributors and contractors in the State of Texas including the Eastern District of Texas, for example, to Energy Smart Solutions, LLC located in Flower Mound, Texas who advertises on its website that it installs BuildBlock infringing products primarily for single residential homes and multi-story residential buildings; BuildBlock also has a manufacturing facility in Bastrop, Texas;

(iv)   Nudura has engaged in the sale and offer for sale of products and services to distributors and contractors  in the State of Texas including the Eastern District of Texas, for example, to Future Stone, LLC, with a location in Tyler, Texas, who advertises on its website that it sells the Nudura infringing products and trains contractors to install such products and that it has completed building the City Hall in Vidor, Texas using Nudura forms, and to Energywise Solutions, located in Denton, Texas.  Polyform, upon information and belief, manufactures forms sold by Nudura, with whom it is affiliated, in Canada and in Georgia through its subsidiary, ICForm.

9.   Venue is proper in this district under 28 U.S.C. §§ 1391(b), 1391(c), 1391(d) and 1400(b).

## THE PATENTED TECHNOLOGY

10.   The subject matter of the patent in suit (described below) relates to the construction of concrete buildings and in particular to the walls of such buildings, which may be residential, institutional, agricultural, military or commercial/governmental.   Unlike so-called

tilt-up walls, the walls are poured in place.  In the past, forms made of steel or wood were placed to define the wall, primarily sub-grade walls, the concrete was poured and set, and the forms were removed.  A newer technology for creating concrete walls utilizes forms made from expanded polystyrene (EPS), often referred to as "blown" or "foamed" material.  Most forms are manufactured to a standard size, generally 12" - 18" high and four feet long.  The form comprises two panels that are held in spaced-apart relation by ties or webs.  (See Exhibit 1, Figure 1) The forms, often called ICFs (Insulating Concrete Forms) or blocks, are stacked on a concrete footing or slab to the full height of one or more stories.  The concrete is poured into the space between the panels and sets.

11.     The uniqueness of ICFs derives from the fact that the forms are not removed after the walls are poured – they become a permanent component of the building.  This feature provides unprecedented insulation that greatly reduces heating and cooling expenses (energy efficiency), noise insulation, superior fire protection, resistance to bugs, such as termites,  storm and wind resistance including protection from flying objects, and promotes environmental responsibility.

12.     In October 1993, IntegraSpec designed its own unique ICF that solved a host of problems that existed in the state-of-the-art ICFs at that time relating to assembly efficiency and materials savings during construction.  One problem is solved by the manner in which the forms may be stacked; in the unique IntegraSpec form there is no bottom or top and no left and right -- a feature that allows a worker to pick up a form and place it on the stack without regard to orientation.  This feature reduces the labor costs of the building.  There are other well-known advantages to the IntegraSpec form, including the reduction of waste due to the unique interconnection means that allows forms to be cut, on-site, for the placement of windows, door and other wall openings and the cut-offs used elsewhere.  Since its introduction in 1998, the

IntegraSpec design has been widely adopted by IntegraSpec's competitors in the industry and is often referred to as a "reversible," "universal," or "bi-directional and reversible" ICF.

## THE '933 PATENT AND ITS REEXAMINATION

13.     IntegraSpec is the owner of the entire right, title and interest in and to United States Patent No. 5,428,933 ("the '933 Patent") that was duly issued on July 4, 1995 on an application filed on February 14, 1994 in the name of the inventor, Michel Philippe, who is currently the President of Phil-Insul Corp.  The '933 Patent is entitled "Insulating Construction Panel or Block."  The '933 Patent was assigned to IntegraSpec (formally, Phil-Insul Corp.) on April 16, 1999 and the assignment was duly recorded in the United States Patent Office on Reel 009893 and Frame 0808.  A copy of the '933 Patent is attached hereto and made a part hereof as Exhibit 1.

14.     On or about February 1, 2001, Reward Wall introduced to the market a copy of the IntegraSpec form covered by the '933 Patent.  In May, 2001, IntegraSpec gave notice to Defendant Reward Wall that it was infringing the '933 Patent.  In response, counsel for Reward Wall identified numerous patents in a letter dated August 1, 2001 that it claimed rendered the '933 Patent invalid.

15.     IntegraSpec reviewed the prior art and determined that one prior art patent cited by Reward Wall, U. S. Patent No. 5,123,222 issued to Guarriello, was relevant and had not been cited by the USPTO during prosecution of the application that matured into the '933 Patent. IntegraSpec then filed a Request for Reexamination on October 31, 2002 that was granted on January 28, 2003.  The reexamination was assigned Control No. 90/006,433.  The reexamination proceeded, through extensive prosecution and an appeal to the USPTO Board of Patent Appeals and Interferences where the Examiner's final rejection, based on the Guarriello patent under 35 U.S.C. § 102, was reversed; however, the Board also cited a new combination of references,

under 35 U. S. C. § 103(a), and permitted IntegraSpec to address the new rejection on a motion for reconsideration or to request reopening of prosecution.   IntegraSpec elected to reopen examination.

16.     An Ex Parte Reexamination Certificate was issued by the USPTO on September 21, 2010, nearly eight years after the Request for Reexamination was filed.   A copy of the Reexamination Certificate is attached hereto and made a part hereof as Exhibit 2.

## HISTORICAL BACKGROUND

17.     As indicated above, Defendant Reward Wall introduced its copy of the '933 patented form in February, 2001.   In March 2001, Defendant Nudura introduced its copy. Defendant BuildBlock introduced its copy of the '933 patented form in late 2004.   Defendant Amvic introduced its infringing form in July 2003 incorporating the features of the '933 patented ICF.   Prior to the introduction of these copies, none of the defendants sold a form that was bi-directional and reversible.

18.     Some of these companies had greater financial resources than IntegraSpec, and as a result of the infringements, IntegraSpec has found it difficult to compete despite its technological advances and has struggled to grow with the industry.   Moreover, because of the long delay in the USPTO in reexamining the '933 Patent, IntegraSpec was effectively precluded from pursuing the multiple infringements.   Thus, defendants gained market share at the expense of IntegraSpec and have greatly damaged and injured its business.

19.     At all times during the last six years, IntegraSpec has placed the required statutory notice on all forms sold by IntegraSpec that are covered by the '933 Patent.

## INFRINGING ACTS OF REWARD WALL

20.     During the period commencing with the date that is six (6) years prior to the date of filing of this Complaint, Reward Wall has manufactured and sold an ICF under the trademark

iForm.  Reward Wall also makes and sells an ICF under the trademark eForm that is also charged with infringement in this suit.  Those forms are copies of the '933 form, as the following facts demonstrate.

21.     Prior to July 26, 1999, IntegraSpec sold a number of its patented forms for the construction of a house in Winnsboro, Texas, located in the Tyler Division of the Eastern District of Texas and Mr. Michel Philippe ("Philippe"), president of Phil-Insul Corporation, appeared on site in July to teach, train and assist the builder/contractor (operated by Mr. Ian Giesler) in the construction of the walls.  On July 27, Mr. Henry Pfeiffer ("Pfeiffer"), Chief Operating Officer of Reward Wall at that time, appeared on site, uninvited by Philippe, and observed the construction and use of the new IntegraSpec ICF having bi-directional and reversible interconnecting elements.  Philippe explained the features of the '933 form to Pfeiffer who spent the remainder of the day with the construction crew assisting in handing the forms to the contractor's workers and observing the process of building a wall with bi-directional and reversible forms.  On the following day, Pfeiffer again appeared and observed for approximately one hour.

22.     At the time of the construction event just described, Reward Wall was manufacturing and selling a form called eForm that was not bi-directional and reversible.

23.     On October 19, 2000, approximately 15 months after Pfeiffer observed the features of the IntegraSpec patented form, he filed a patent application in the USPTO, assigned to Reward Wall, claiming that he was the first inventor of an ICF having projections and recesses, identical to the pattern of the '933 Patented form, that was reversible and bi-directional.  That application issued as Patent No. 6,820,384 on November 23, 2004.  As noted above, that form was introduced in February 2001. The iForm ICF made and sold by Reward Wall since its

introduction is a direct infringement of at least Claims 1, 3, 4, 5, 9, 11, 13, 19 and 27 of the '933 Patent.

24.     In March 2005, Pfeiffer filed a United States patent application which was granted on August 12, 2008, U.S. Patent No. 7,409,801 (the '801 patent), assigned to a company called TriTex ICF Products, Inc. ("TriTex").  The '801 patent discloses an ICF that has a single longitudinal row of "teeth and sockets."  Upon information and belief, Reward Wall acquired TriTex and sold, and is continuing to sell, the ICF disclosed in the '801 patent under the trademark eForm.  The eForm ICF made and sold by Reward Wall is a direct infringement of at least Claim 2 of the '933 Patent.

25.     IntegraSpec has not granted Reward Wall any license, permission, authorization or any other similar right to make, use, offer for sale, sell or import the infringing iForm ICF or the infringing eForm ICF.

## INFRINGING ACTS OF BUILDBLOCK

26.     During the period commencing with the date that is six (6) years prior to the date of filing of this Complaint, BuildBlock has manufactured and sold  a reversible form called the BUILDBLOCK ICF; that form copies the features of the '933 patented form.

27.     Prior to BuildBlock's entry as a manufacturer of its proprietary form, Mike Garrett ("Garrett"), current president of BuildBlock, was a distributor located in Oklahoma City, Oklahoma, of forms made and sold by other manufacturers.  In mid-2004, Garrett approached IntegraSpec inquiring about rights under the '933 Patent.  No business relationship has or had developed based on that inquiry.  In December, 2004, Garrett, on behalf of BuildBlock, informed IntegraSpec that it had developed its own proprietary design that according to patent attorneys retained by BuildBlock did not infringe the '933 Patent.  In late 2004, BuildBlock began

manufacturing and selling the BUILDBLOCK ICF that directly infringes at least Claims 1, 3, 4, 8, 9, 11, 19 and 27 of the '933 Patent

28.     IntegraSpec has not granted BuildBlock any license, permission, authorization or any other similar right to make, use, offer for sale, sell or import the infringing BUILDBLOCK ICF.

## INFRINGING ACTS OF NUDURA AND POLYFORM

29.     During the period commencing with the date that is six (6) years prior to the date of filing this Complaint, Nudura has manufactured and sold an ICF called the NUDURA ICF; that form copies the features of the '933 patented form.

30.     In 1995, IntegraSpec met with Mr. Jean-Louis Beliveau ("Beliveau"), the President of  Polyform, an affiliate of Nudura, to discuss the manufacture of the new IntegraSpec '933 patented form and disclosed to him the bi-directional and reversible capability ; Nudura, through Beliveau, has been aware of the '933 Patent since that time.  Commencing in 1998, Polyform began molding the patented IntegraSpec '933 form on a contract basis for IntegraSpec. In 2001, Nudura began distributing and selling its proprietary NUDURA ICF in the United States, that directly infringes at least Claim 2 of the '933 Patent.  Upon information and belief Polyform is an affiliate of Nudura and is manufacturing the NUDURA ICF that infringes Claim 2 of the '933 Patent in Canada and in the United States through its subsidiary, ICForm.

31.     IntegraSpec has not granted Nudura any license, permission, authorization or any other similar right to make, use, offer for sale, sell or import the infringing NUDURA ICF.

## INFRINGING ACTS OF AMVIC

32.     During the period commencing with the date that is six (6) years prior to the date of filing this Complaint, Amvic has manufactured and sold an ICF called the AMVIC ICF; that form copies the features of the '933 patented form.

33.     In February 2001, IntegraSpec met with Mr. Victor Amend ("Amend"), the President and founder of AMVIC, at a trade show in Atlanta, Georgia, where Amend expressed an interest in a license under the '933 Patent.   No further discussions took place between IntegraSpec and Amend on behalf of Amvic.   On information and belief, in July, 2003, Amvic began selling its proprietary AMVIC ICF in the United States, that directly infringes at least Claim 2 of the '933 Patent.

34.     IntegraSpec has not granted Amvic any license, permission, authorization or any other similar right to make, use, offer for sale, sell or import the infringing AMVIC ICF.

## COUNT I

## PATENT INFRINGEMENT BY REWARD WALL

35.     IntegraSpec realleges and incorporates by reference Paragraphs 1 – 34 set forth above.

36.     Reward Wall has directly infringed the claims of the '933 Patent identified in Paragraph 23 by the manufacture and sale of its iForm and eForm ICFs in the United States.

37.     Reward Wall has willfully infringed and continues to willfully infringe the above-identified claims of the '933 Patent through its acts that demonstrate at least an objective recklessness in performing such infringing acts.

38.     As a result of the above-described acts of infringement, IntegraSpec has suffered damages.

39.     Infringement by Reward Wall has irreparably damaged IntegraSpec who has no adequate remedy at law; Reward Wall will continue to sell the iForm and eForm unless restrained from doing so by this Court.

## COUNT II

## PATENT INFRINGEMENT BY BUILDBLOCK

40.     IntegraSpec realleges and incorporates by reference Paragraphs 1 – 39 set forth above.

41.     BuildBlock has directly infringed the claims of the '933 Patent identified in Paragraph 26 by the manufacture and sale of its BUILDBLOCK ICF in the United States.

42.     BuildBlock has willfully infringed and continues to willfully infringe the above-identified claims of the '933 Patent through its acts that demonstrate at least an objective recklessness in performing such acts.

43.     As a result of the above-described acts of infringement, IntegraSpec has suffered damages.

44.     Infringement by BuildBlock has irreparably damaged IntegraSpec who has no adequate remedy at law; BuildBlock will continue to sell the BUILDBLOCK ICF unless restrained from doing so by this Court.

## COUNT III

## PATENT INFRINGEMENT BY NUDURA AND POLYFORM

45.     IntegraSpec realleges and incorporates by reference Paragraphs 1 – 44 set forth above.

46.     Nudura has directly infringed the above-identified claim of the '933 Patent identified in Paragraph 29 by sale of its NUDURA ICF in the United States.  Polyform, through its subsidiary, ICForm, has directly infringed the above-identified claim of the '933 Patent identified in Paragraph 29 by manufacturing the NUDURA ICF in the United States.

47.     Upon information and belief, Nudura and Polyform have willfully infringed and continue to willfully infringe the above-identified claim of the '933 Patent; their acts demonstrate at least an objective recklessness in performing such infringement.

48.     As a result of the above-described acts of infringement, IntegraSpec has suffered damages.

49.     Infringement by Nudura and Polyform has irreparably damaged IntegraSpec, who has no adequate remedy at law; Nudura and Polyform will continue to sell and make the NUDURA ICF unless restrained from doing so by this Court.

## COUNT IV

## PATENT INFRINGEMENT BY AMVIC

50.     IntegraSpec realleges and incorporates by reference Paragraphs 1 – 49 set forth above.

51.     Amvic has directly infringed the claims of the '933 Patent identified in Paragraph 32 by the manufacture and sale of its AMVIC ICF in the United States.

52.     Upon information and belief, Amvic has willfully infringed and continues to willfully infringe the above-identified claim of the '933 Patent; its acts demonstrate at least an objective recklessness in performing such infringement.

53.     As a result of the above-described acts of infringement, IntegraSpec has suffered damages.

54.     Infringement by Amvic has irreparably damaged IntegraSpec, who has no adequate remedy at law; Amvic will continue to sell the AMVIC ICF unless restrained from doing so by this Court.

## REQUEST FOR RELIEF

WHEREFORE, IntegraSpec respectfully requests that the Court:

A.      Award Plaintiff  Phil-Insul Corporation  past damages, together with prejudgment and post-judgment interest, to compensate Phil-Insul Corporation for the infringements by Reward Wall, BuildBlock, Nudura, Polyform and Amvic of the above-identified claims of the '933 Patent, in accordance with 35 U.S.C. § 284, and to increase such award on the grounds of willfulness up to three (3) times the amount found or assessed in accordance with 35 U.S.C. § 284;

B.      Grant a preliminary and permanent injunction, enjoining each and every Defendant, their successors and assigns, including the respective officers, directors, agents, attorneys and representatives of each and every Defendant, and all persons under their control, acting under their authority, or in privity with any one of them, from directly or indirectly making or causing to be made, using, or selling any ICF that embodies or contains any of the inventions set forth and claimed in the '933 Patent, and further enjoining all such entities and individuals from aiding, abetting, inducing or in any way contributing to infringement of any of the claims in the '933 Patent.

C.      Declare this case exceptional and award reasonable attorneys' fees to Phil-Insul Corporation pursuant to 35 U.S.C. § 285; and

D.      Permit Phil-Insul Corporation to recover its costs, disbursements, attorneys' fees and such further and additional relief as is deemed appropriate by this Court.

## JURY TRIAL DEMANDED

Phil-Insul Corporation requests a trial by jury for all claims that permit a jury trial in this action.

Dated this 2nd day of February, 2010.

/s/ Michael T. Cooke
  State Bar No. 04759650
David A. Skeels
  State Bar No. 24041925
FRIEDMAN, SUDER & COOKE
Tindall Square Warehouse No. 1
604 East 4th Street, Suite 200
Fort Worth, Texas 76102
(817) 334 0400
Fax (817) 334 0401
mtc@fsclaw.com
skeels@fsclaw.com

ATTORNEYS FOR PLAINTIFF

OF COUNSEL:

Paul Adams
THE ADAMS LAW FIRM
901 Rio Grande Boulevard N.W., Suite H262
Albuquerque, NM  87104
(505) 222-3145
adamspatentlaw@gmail.com

n:\clients\mj\integraspec-090504\reward wall-02\pleadings\complaint_combined - 02.02.11.docx