IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| **PHIL-INSUL CORP.** d/b/a **INTEGRASPEC,** | § § § § | |
| v. | § | CASE NO. 6:11cv53 LED-JDL |
| | § § | |
| **REWARD WALL SYSTEMS, INC., et al.** | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendants' Motion to Transfer Venue Under 28 U.S.C. § 1404(a) (Doc. No. 37). Plaintiff Phil-Insul Corp. ("Phil-Insul") has responded (Doc. No. 38) and Defendants have replied (Doc. No. 45). Upon consideration of the parties' arguments, the Motion to Transfer is **GRANTED**.

## BACKGROUND

Phil-Insul brings suit against Defendants Reward Wall Systems, Inc. ("Reward Wall"), Amvic Corporation ("Amvic"), Nudura Corporation ("Nudura"), Polyform, A.G.P. Inc. ("Polyform"), and BuildBlock Building Systems, LLC ("BuildBlock"), alleging infringement of U.S. Patent No. 5,428,933 ("the '933 patent"). RESPONSE AT 2. The '933 patent is directed toward insulated concrete forms ("ICF"). *Id.* at 1. Defendants move to transfer this action to the District of Nebraska. MTN AT 2.

Plaintiff Phil-Insul is a Canadian corporation with a principal place of business in Toronto, Ontario, Canada. RESPONSE AT 2. Many Defendants are also based in Canada: Nudura's corporate headquarters are located in Ontario, Canada; Polyform's principal place of business is in Quebec, Canada; and Amvic is also headquartered in Toronto, Canada. *Id.* at 2; MTN AT 2-5. The remaining Defendants have principal places of business in the United States: Reward Wall is a Kansas

corporation with a principal place of business in Omaha, Nebraska and BuildBlock's headquarters are in Oklahoma City, Oklahoma. MTN AT 3-4, 6; RESPONSE AT 2; GARRETT DECL. AT 1, ATTACHED TO MTN.

## LEGAL STANDARD

Section 1404(a) provides that "[f]or the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). The goals of § 1404(a) are to prevent waste of time, energy, and money, and also to protect litigants, witnesses, and the public against unnecessary inconvenience and expense. *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964). Ultimately it is within a district court's sound discretion to transfer venue pursuant to 28 U.S.C. § 1404(a), but the court must exercise its discretion in light of the particular circumstances of the case. *Hanby v. Shell Oil Co.*, 144 F. Supp. 2d 673, 676 (E.D. Tex. 2001); *Mohamed v. Mazda Corp.*, 90 F. Supp. 2d 757, 768 (E.D. Tex. 2000). The party seeking transfer must show good cause for the transfer. *In re Volkswagen of America, Inc.*, 545 F.3d 304, 315 (5th Cir. 2008) (en banc) ("*Volkswagen II*"). To show good cause, the moving party must demonstrate the transferee venue is clearly more convenient. *Id.*

When deciding whether to transfer venue, a district court balances the private interests of the parties and the public interests in the fair and efficient administration of justice. The private interest factors the court considers are: (1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious, and inexpensive. *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004)("*Volkswagen I*"). The public

interest factors are: (1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict laws or in the application of foreign law. *Id.*

## DISCUSSION

Plaintiff does not dispute that this case could have originally been brought in the District of Nebraska. *See Volkswagen I*, 371 F.3d at 203 ("In applying the provisions of § 1404(a), . . . the first determination to be made is whether the judicial district to which transfer is sought would have been a district in which the claim could have been filed."). Therefore, the threshold issue has been met.

**I.  Private Interest Factors**

Turning to the private interest factors, the Court finds that such factors favor transfer. In particular, the relative ease of access to sources of proof and the cost of attendance for willing witnesses favor transfer.

The domestic locus of this case is in the transferee district—or possibly Oklahoma—where Defendants Reward Wall and BuildBlock are located, respectively. Other than a 1999 meeting, addressed below, that has little relevance to the instant infringement allegations, there are no connections to Texas. Reward Wall's R&D documents and prior art documents are located in Omaha, Nebraska. MTN AT 4; *see Guardian Media Tech. v. Acer Amer. Corp.*, Civil Action No. 6:10cv597, slip op. at 6-7 (E.D. Tex. Sept. 30, 2011) ("Presumably, the bulk of the discovery material relating to a corporate party are located at the corporate headquarters.") (citing *In re Acer Amer. Corp.*, 626 F.3d 1252, 1256 (Fed. Cir. 2010)). In addition, the Master Distributor of BuildBlock's insulated concrete forms is also located in Nebraska. *Id. at* 6. Therefore, documents

relevant to the sales, conception, design and development of the domestic Defendants' accused products are located in the transferee forum, while none are in the Eastern District of Texas. Even if these documents, and any Canadian documents, are to be produced electronically—as Phil-Insul argues—such a consideration cannot lessen the significance of the volume of physical evidence located in, or closer to, the transferee forum, especially when no physical evidence is located in Texas. *See In re TS Tech USA Corp.*, 551 F.3d 1315, 1321 (Fed. Cir. 2008) (noting the district court erred in stating that "since many of the documents were stored electronically, 'the increased ease or storage and transportation' makes this factor 'much less significant.'"); *Volkswagen II*, 545 F.3d at 316 (same).

Further, Plaintiff accuses Defendants' ICFs, bulky devices that will likely be shipped from Canada, Oklahoma and Nebraska to the trial venue. It will be more convenient to transport these devices from Canada to Nebraska rather than to ship such evidence to Texas. Further, Reward Wall's ICF devices are already in the transferee forum. Because it will be more convenient for the Canadian parties—Plaintiff included—and Reward Wall to transport physical evidence to the transferee forum, the relative ease of access to sources of proof favors transfer. *See TS Tech*, 551 F.3d at 1321 (noting that the factor favored transfer because "the majority of physical and documentary evidence relevant to this case will be found in Ohio, Michigan, and Canada, and none of the evidence is located in Texas.").

The transferee forum is also more convenient for the majority of witnesses. Most of Reward Wall's employees with knowledge of the allegedly infringing products, as well as any related

marketing information, are located in the transferee forum.[1] PFEIFFER DECL. AT 2, ATTACHED TO MTN. In addition, the transferee venue is more convenient for Canadian witnesses. In *Volkswagen I*, the Fifth Circuit established a "100 mile rule": "When the distance between an existing venue for trial of a matter and a proposed venue under § 1404(a) is more than 100 miles, the factor of inconvenience to witnesses increases in direct relationship to the additional distance to be traveled." 371 F.3d at 204-205. The "100 mile rule" favors transfer when witnesses would be required to travel, on average, a shorter distance to the transferee venue than the transferor venue. *See Volkswagen II*, 371 F.3d at 317; *T.S. Tech*, 551 F.3d at 320. This factor heavily favors transfer when a "substantial number of material witnesses reside in the transferee venue" and no witnesses reside in the transferor venue. *Genentech*, 566 F.3d at 1344-45. In this particular case, the majority of the witnesses hail from Canada, Oklahoma and Nebraska. RESPONSE AT 12. It would be far more convenient for the Canadian witnesses to travel to Omaha than to Tyler; travel from Ontario, Canada to Texas would be an additional 700 miles compared to travel to Nebraska. MTN AT 10. Thus, travel to Texas would inconvenience the majority of witnesses. Because most of the witnesses are located in, or closer to, the transferee venue, and as will be explained below, there are no meaningful connections to Texas, the convenience of witnesses favors transfer.[2] *See Sonix Tech. Co., LTD v. VTech Elec. N.A., LLC*, 2010 WL 5139502, at *2 (E.D. Tex. Dec. 9, 2010) (granting transfer and

---

[1] BuildBlock's witnesses and documents are likely located in Oklahoma City, Oklahoma, which is closer to Tyler than Omaha. However, as will be explained below, this case has no meaningful connection to Texas, while Reward Wall is headquartered in Nebraska, the proposed transferee venue.

[2] If the Court were to discount the Canadian witnesses and documents—as it typically would when considering foreign witnesses from other continents—the Court would still conclude that the domestic locus of this case is Nebraska, not Texas. *See In re Genentech*, 566 F.3d 1338, 1344 (Fed. Cir. 2009) (discounting the convenience of European witnesses because they would travel "a significant distance no matter where they testify"); *Sonix*, 2010 WL 5139502, at *2.

noting that none of the parties had any connection to the Eastern District of Texas); *Dura Operating Corp. v. Magna Intn'l Inc.*, Civil Action No. 6:08cv455, slip op. at 3 (E.D. Tex. 2010) (same); *Odom v. Microsoft Corp.*, 596 F. Supp. 2d 995, 1003 (E.D. Tex. 2009) (same).

Although Phil-Insul contends that a representative from Reward Wall and certain non-party Texas witnesses observed an installation of Phil-Insul's IntegraSpec Insulated Concrete Form in Texas in 1999, the Court finds this event has little relevance to the infringement allegations at hand. *See* RESPONSE AT 3; *In re Genentech*, 566 F.3d 1338, 1343 (Fed. Cir. 2009) ("A district court should assess the relevance and materiality of the information the witness may provide."). First, Reward Wall admits that a representative was present at the installation in 1999; no further witnesses are needed to attest to this fact. REPLY AT 1. Second, the claims of the '933 patent were amended during reexamination, and the reexamination certificate did not issue until 2010. *Id.* Therefore, the asserted claims did not exist in 1999 when the installation took place.[3] Third, there is no indication that the Texas witnesses have any information with regard to infringement or knowledge of the development of the accused products, including the Reward Wall product, which was apparently subsequently introduced in 2001.[4] Even if these witnesses have some relevant information, such information would not outweigh the more pertinent, concrete evidence in Nebraska and Canada.

As for the availability of compulsory process, the Court finds this factor, at best, slightly weighs against transfer. While Defendants have not identified any non-party witnesses in Nebraska, the Court does not find it likely that the non-party witnesses identified by Phil-Insul have relevant

---

[3] Phil-Insul did not file a surreply disputing the contention that the asserted claims did not exist in 1999, as Defendants argue in their Reply.

[4] Reward Wall introduced its concrete form at a trade show in February 9, 2001. RESPONSE AT 4.

information regarding the accused products. *See supra* p. 6; *see also Promote Innovation LLC v. Ortho-McNeil Pharm., LLC*, Civil Action No. 2:10cv109, 2011 U.S. Dist. LEXIS 15408, at *9 (E.D. Tex. Jan. 12, 2011) ("[C]urrent employees have an employment relationship with a party and should be considered party witnesses."). Again, even if these witnesses have some relevant information, such information would likely be tangentially relevant; therefore, this factor would only slightly weigh against transfer.

Finally, Defendants argue that judicial economy favors transfer, particularly because Judge Strom "has handled claim construction of other ICF patents, and actually considered the original '933 patent at trial." MTN AT 12. However, Phil-Insul points out that Judge Strom considered the '933 patent only as prior art, the '933 patent claims were not at issue in that case, and the '933 patent claims have since been amended in reexamination. RESPONSE AT 15. As such, judicial economy does not favor transfer.

## II. Public Interest Factors

Overall, the public interest factors favor transfer. Nebraska has a local interest in the litigation given that Reward Wall is headquartered in Omaha and its employees conceived, designed and developed some of the accused products. *See In re Hoffmann-La Roche Inc.*, 587 F.3d 1333, 1336 (Fed. Cir. 2009) ("[L]ocal interest in this case remains strong because the cause of action calls into question the work and reputation of several individuals residing in or near that district and who presumably conduct business in that community."). On the other hand, this case has no connection to Texas. As a result, the local interest factor favors transfer.

However, the remaining public interest factors are neutral. Both courts are familiar with federal patent law and there are no conflicts of law to avoid. Further, the average time to trial in both

the transferee and transferor Districts is similar. *See Legal Metric Time to Trial Report, District Comparison*, March 23, 2011, ATTACHED TO GILFOIL DECL. ATTACHED TO MTN. Therefore, the overall balance of public interest factors weighs in favor of transfer.

## CONCLUSION

In conclusion, Defendants have met their burden, showing that transfer to the District of Nebraska is clearly more convenient. The relative ease of access to sources of proof and the cost of attendance for willing witnesses heavily favor transfer, as does the local interest factor. The remaining convenience factors, including judicial economy, are neutral or slightly against transfer.

This is a case that is significantly localized in Nebraska and Canada. Most of the Defendants are Canadian, as is Plaintiff; yet, Reward Wall's presence in Nebraska creates a domestic locus in the transferee venue. In addition, most of the identified witnesses and documents are in Canada or Nebraska. It would be far more convenient for many of the parties to travel to Nebraska, as it would to transport relevant documents and demonstrative devices to the transferee venue. Further, this action has no meaningful connection to Texas. In sum, there is little convenience to the parties should this case remain in Texas, while there are several reasons why it would be more convenient for the parties to litigate this case in Nebraska. Consequently, Defendants' Motion to Transfer is **GRANTED**.

**So ORDERED and SIGNED this 10th day of February, 2012.**

JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE